# JOHN McGARRAH v. STATE.

No. A-3141—Opinion Filed March 1. 1920.

(187 Pac. 505.)

(Syllabus.)

1. **APPEAL AND ERROR—Discretion of Trial Court—Withdrawing Plea of Not Guilty.** A trial court may in its discretion permit a plea of not guilty to be withdrawn for the purpose of allowing the defendant to file a motion to set aside an information, and the denying of such a request will not be reviewed upon appeal unless an abuse of discretion is shown or appears from the circumstances.

2. **EVIDENCE—"Confession"—Statement that Another Committed the Crime.** A statement, declaration, or admission made by a person accused of crime, tending to show that another than he committed the offense with which he is charged, from which statement the jury may or may not infer the guilt of the defendant, is not a "confession," and does not come within the rule that confessions must be voluntary to be admissible.

*Appeal from District Court, Cleveland County;*
*F. B. Swank, Judge.*

John McGarrah was convicted of the larceny of an automobile, and he appeals. Affirmed.

*Harris & Nowlin* and *Pruitt, Sniggs & Patterson,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

ARMSTRONG, J. The plaintiff in error, John McGarrah, hereinafter called defendant, was informed against jointly with A. E. Hawkins for the larceny of an automobile, the property of one A. Gibbs, a severance was granted, the defendant tried separately, convicted,

and sentenced to imprisonment in the penitentiary at McAlester for a term of two years. To reverse the judgment rendered on the verdict he prosecutes this appeal.

The record shows that the defendant and his codefendant were arraigned on preliminary examination charged with the theft of the automobile described in the complaint and waived preliminary examination, and that, notwithstanding such waiver, the state examined its witnesses, and after such examination the defendants were given an opportunity to offer evidence and again waived preliminary examination.

The defendant, having entered a plea of not guilty, moved the court for permission to withdraw the plea and be permitted to file a motion to set aside the information, for the reason that he had not had a preliminary examination, and be permitted to offer evidence that he had waived his preliminary examination by reason of an agreement with the county attorney. The court overruled the motion, and the defendant excepted.

There is evidence tending to show: That on the 28th day of January, 1917, the automobile which was the subject of the larceny was owned as alleged in the information, that the owner of the automobile, not having a garage, chained and locked the automobile to a tree near his residence in Norman, and that on the 29th day of January, 1917, the automobile was in an outhouse in an outlying district of Oklahoma City, and the defendant got his codefendant and brought the car into a garage in said city, that the number of the engine of the automobile had been changed, and that the defendant and his codefendant sold it, claiming to have purchased it, and deliv-

ered it to the purchaser assuring him that the purchase was a safe one, and divided the proceeds of the sale. That a few weeks thereafter the automobile was found in a distant part of the state in the possession of the person to whom the defendant and his codefendant had sold it, unquestionably indentified as the car in question, and surrendered by the purchaser to the owner. That on the day of the night that the automobile was stolen the defendant and his codefendant were in Norman, and sought to buy a saw adapted to sawing iron.

John Stegner testified that he was court clerk and had visited the jail when the defendant was confined therein for the offense here charged and had seen and conversed with him and his codefendant. Thereupon the state asked the witness to detail the conversation had with the defendant and his codefendant, to which the defendant objected upon the ground "that a certain promise had been made with him which had not been carried out," and that therefore the statements made by the defendant in the conversation inquired about were not voluntarily made. In support of the objection and in the absence of the jury, the defendant introduced evidence tending to show that the statements made to the witness were made under a promise by the county attorney to grant the defendant immunity if the defendant would furnish certain information, which information the defendant had furnished, and that the evidence sought to be elicited as to the conversation had by witness and defendant was furnished by the defendant under the agreement with the county attorney.

The county attorney testified that he conversed with the defendant in the jail at the time he was confined

under the charge in this case, and that he stated to him that anything that he (defendant) might say could be used against him, and denied that he promised the defendant immunity or any consideration. The court overruled the objection, and the defendant excepted.

The jury being returned to the box, the witness testified: That the defendant said that he and his codefendant were not the real thieves of the Bibbs car, "that the bunch stole it," that they knew that it was a "wet" car, that they knew that it was not a straight car, that one Anthony came to defendant and his codefendant and said they had another car for them, that the number of the car had been changed, that it was out in a dugout in the outskirts of Oklahoma City that they bought the car, and went out and got it and brought it to a garage in the city and sold it.

The defendant testified that he had not been in Norman since 1905, that he never attempted in Norman to buy a saw for cutting iron, that he did not steal the car in question, that he and his codefendant purchased the car from one Anthony and received a bill of sale for same and sold the car in Oklahoma City to the party from whom the car was recovered, and that he and his codefendant divided the proceeds of such sale, that he did not know at the time they sold the car that the same was stolen, but afterwards learned it was.

Upon the close of the evidence for the state, the defendant requested the court to instruct the jury to return a verdict for the defendant, which the court refused to do, and the defendant excepted.

The defendant timely moved for a new trial, which was overruled and exception saved.

Many errors are assigned, but only the following are argued in the brief of the defendant:

1. The refusal of the court to permit the defendant to withdraw his plea of not guilty and to file a motion to quash the information and to take evidence upon such motion to quash.

2. Forcing the defendant to trial without his first having had a preliminary examination, or having waived the same.

3. Permitting the witness Stegner to testify to an alleged confession made by the defendant, because the same was not voluntary.

4. That the verdict of the jury is contrary to the law and evidence.

Under an unbroken rule of this court, errors assigned but not argued in defendant's brief will be treated as abandoned and not considered.

The defendant urges that the court committed re versible error in refusing to permit the defendant to withdraw his plea of not guilty and to file a motion to set aside the information. It was discretionary with the court to permit the plea to be withdrawn, and we are unable to see that, in refusing to permit the plea to be withdrawn as requested, the court abused its discretion.

In *Tegeler v. State,* 9 Okla. Cr. 138, 130 Pac. 1164, it is said:

"It is discretionary with the court to permit the withdrawal of a plea of not guilty for the purpose of allowing a defendant to file a motion to set aside an indictment, and such action will not be reviewed upon appeal, unless an abuse of this discretion is shown."

It is fur her contended by the defendant that the court committed reversible error in forcing him to trial without his having had or waived a preliminary examination. This contention is without merit. The record shows that, when his preliminary examination was called, he waived it; but, notwithstanding the waiver, the state put on its testimony, and upon its close the defendant was offered an opportunity to present his evidence, when he again waived. There is nothing disclosed by the record that tends in the least to show that the defendant was induced in any way, or by any action of the county attorney, to waive preliminary examination, or that such waiver was in any way injurious to the defendant.

It is next insisted that the court committed reversible error in permitting the witness Stegner, over the objection of the defendant, to detail a conversation had with the defendant while he was in jail, based upon the theory that the statements made by the defendant in the conversation were a confession and were not voluntary. The premise of the defendant is unsound, as the statements made by the defendant in the conversation were not a confession of the crime charged, but were statements tending to explain his innocence and did not come within the rule that confessions must be voluntary to be admissible.

In criminal law a "confession" is a voluntary statement made by a person charged with the commission of a crime, communicated to another person, wherein he acknowledges himself to be guilty of the offense charged.

In *State v. Reinhart,* 26 Or. 466, 38 Pac. 822, it was said:

"A 'confession,' in a legal sense, is restricted to an acknowledgment of guilt made by a person after an offense has been committed, and does not apply to a mere statement or declaration of an independent fact from which such guilt may be inferred."

In *Wilson v. State,* 17 Okla. Cr. 49, 183 Pac. 613, it is said:

"A statement, declaration, or admission made by one accused of crime, explaining suspicious circumstances, for his own defense, from which the jury may or may not infer guilt, is not a confession, and does not come within the rule that confessions must be voluntary to be admissible."

Certainly the statements made to the witness Stegner by the defendant were not, under the above authorities, a confession of guilt, and the court did not err in admitting them.

Finally, it is insisted that the verdict is contrary to the law and the evidence. It is true that much of the evidence is circumstantial and other part of it is in direct conflict, but the facts thus presented were exclusively for the jury to determine, and having done so, and there being sufficient evidence to sustain the verdict found by them, we cannot interfere with the verdict rendered.

If the contention of the defendant that he did not participate in the actual commission of the larceny charged be accepted as true, certainly the most favorable view that can be indulged in his behalf is that he aided and abetted in the larceny, and therefore is guilty as a principal. Section 5757, Revised Laws 1910.

The court did not err in refusing to direct a verdict of acquittal.

The court did not err in overruling the motion for a new trial.

The judgment of the trial court is affirmed.

DOYLE, P. J., and MATSON, J. concur.